UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GUEVARA,<br><br>             Petitioner,<br><br>      v.<br><br>RALPH DIAZ,<br><br>             Respondent. | Case No. 8:20-cv-00854-JFW-KES<br><br>ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED AS SUCCESSIVE |

**I.**

**INTRODUCTION**

In May 2020, Petitioner Johnny Guevara ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 [the "Petition"].)  The Petition challenges Petitioner's 2011 convictions for first-degree murder, car-jacking, street terrorism, and other crimes for which he was sentenced to life without the possibility of parole plus 25 years to life.  (Id. at 2.)

**II.**

**PROCEDURAL BACKGROUND**

**A.     Guevara I.**

Petitioner pursued a direct appeal that ended when the California Supreme Court denied review in September 2012.  (Id. at 2-3.)

1

In October 2013, he filed a § 2254 petition in this Court raising claims exhausted by his direct appeal. See Guevara v. Barnes, CDCA Case No. 8:13-cv-1557-JFW-RZ ("Guevara I"). In April 2014, the Court issued a judgment denying the petition on the merits. (Guevara I, Dkt. 17.) Both the district court and the Ninth Circuit denied a certificate of appealability. (Guevara I, Dkt. 18, 26.)

**B.      Subsequent State Petitions.**

In July 2019, Petitioner filed a habeas petition in the Orange County Superior Court ("OCSC") arguing that "false" eye-witness identification evidence and gang expert testimony had deprived him of a fair trial. (Dkt. 1 at 3-4, 31.) The OCSC denied the petition as untimely. (Id. at 30.) The OCSC found that the enactment of California Senate Bill ("SB") 1134 in 2016 (effective January 1, 2017) did not excuse the delay, because existing California law already allowed habeas petitions based on "false" evidence introduced at trial. (Id.) SB 1134 only changed California's standard for considering habeas petitions based on "new" evidence, of which Petitioner presented none. (Id. at 30-31.)

The OCSC also found that Petitioner failed to show a fundamental miscarriage of justice sufficient to overcome the time bar, because "the jury heard all of the reasons why the identifications should or should not be credited, and reasonably accepted the identifications" alleged by Petitioner to be false. (Id. at 31.) Additionally, the California case on which Petitioner relied to attack the admissibility of the gang expert's testimony as hearsay, People v. Sanchez, 63 Cal.4th 665 (2016), was determined by the California courts not to apply retroactively. (Dkt. 1 at 32.)

Next, Petitioner filed a similar petition in the California Court of Appeal, where it was summarily denied. (Id. at 4, 17.)

Finally, Petitioner filed a petition in the California Supreme Court re-framing his claim as a federal due process claim: "The State Courts violated Petitioner's Procedural Due Process Safeguards to Newly Enacted Habeas Corpus Process,"

2

referring to SB 1134. (Id. at 4-5, 14.) That petition was summarily denied on March 11, 2020. (Id. at 5, 11.)

**C.     The Instant Petition.**

Petitioner now brings the same due process claim in his federal Petition. (Id. at 5.) He contends that California created a "liberty interest" by enacting SB 1134, and the state courts deprived him of "processing" under SB 1134 to which he was entitled. (Id. at 5, 14.)

## III.
## DISCUSSION

**A.     Applicable Law.**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA provides in relevant part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.</u>

28 U.S.C. § 2244(b) (emphasis added).

Thus, if a California petitioner wishes to file a second federal habeas petition – *even one based on new law or newly discovered facts* – the petitioner must first ask the Ninth Circuit for permission to do so. Without such authorization, the District Court lacks jurisdiction to entertain the successive petition. <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 984 (2003).

**B. <u>Analysis.</u>**

Petitioner previously filed a § 2254 petition challenging his 2011 convictions. See <u>Guevara I</u>. The Petition now pending appears to be a successive petition challenging the same convictions. Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the district court to consider his new claims prior to filing the instant Petition. Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction.

IT IS THEREFORE ORDERED that **on or before June 8, 2020**, Petitioner shall show cause in writing, if any he has, why the Petition should not be dismissed without prejudice as successive. Petitioner may respond to this order by (1) explaining why the instant Petition does not challenge the same convictions as <u>Guevara I</u>, or (2) voluntarily dismissing the instant Petition and filing a request with the Ninth Circuit to file a successive § 2254 petition.

DATED: <u>May 07, 2020</u>   _____
KAREN E. SCOTT
United States Magistrate Judge